IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD N. KUKOLECK, | ) | CASE NO. 1:12 CV 1379 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LAKE COUNTY SHERIFF'S | ) | |
| OFFICE, *et al.*, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    The complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Motion to dismiss . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    C.    Kukoleck's brief in opposition . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
    D.    Lake County defendants' reply brief . . . . . . . . . . . . . . . . . . . . . . . . -7-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    A.    Standard of review – Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    B.    Application of standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
        1.      All claims against the Lake County Sheriff's Office and the Lake
               County Commissioners should be dismissed. . . . . . . . . . . . . . . -9-
        2.      All claims against the three Lake County John Doe defendants
               should be dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
        3.      The claims against Sheriff Dan Dunlap should be dismissed in part.
               . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
               a.      The factual allegations and claims . . . . . . . . . . . . . . . -12-
               b.      Deliberate indifference claim . . . . . . . . . . . . . . . . . . . -14-
               c.      Failure to train and supervise claims . . . . . . . . . . . . . . -15-
               d.      Policy or custom claim . . . . . . . . . . . . . . . . . . . . . . . . -17-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

## Introduction

Before me by referral[1] in this § 1983 case filed by plaintiff Ronald N. Kukoleck, he alleges various violations of his civil rights by the Lake County, Ohio commissioners; the Sheriff's Office; the sheriff personally; and three John Doe sheriff's deputies (the Lake County defendants); the City of Mentor; the Mentor Police Department; the Mentor chief of police; and four John Doe police officers (the Mentor defendants).[2] The Lake County defendants have moved to either dismiss the matter for failure to state a claim upon which relief can be granted or for judgment on the pleadings.[3] Kukoleck has responded in opposition to that motion,[4] and the Lake County defendants have replied to that opposition.[5] For the reasons that follow, I will recommend that the motion be granted in part and denied in part.

---

[1] ECF # 15.

[2] ECF # 1.

[3] ECF # 11.

[4] ECF # 13.

[5] ECF # 14.

## Facts

**A.      The complaint**

The claims asserted here purportedly arise out of Kukoleck's stop by Mentor police on June 3, 2011, in connection with an investigation of a gas station robbery.[6] As alleged in the complaint, Mentor police ordered Kukoleck out of his car and then violently took him to the ground, despite offering no resistance.[7] After a search of the vehicle disclosed the presence of cocaine, Kukoleck claims Mentor police placed him in custody and transported him to the Lake County Detention Center, a facility under the control of the Lake County sheriff.[8]

Over the next few days, Kukoleck contends that he reported to multiple John Doe deputies or staff at the detention facility "severe physical discomfort" from drug addiction withdrawal.[9] He asserts that the staff responded to these reports by placing him in a room for observation and there handcuffing him to a bench.[10] He further maintains that because of this treatment, he suffered a seizure and stroke, resulting in loss of memory and cognitive functions and several physical impairments.[11]

---

[6] ECF # 1 at 5.

[7] *Id.* at 5-6.

[8] *Id.* at 6.

[9] *Id.* at 6-7.

[10] *Id.*

[11] *Id.* at 7.

As to the Mentor defendants, Kukoleck avers first that the Mentor police illegally arrested him and used excessive force.[12] He further alleges that the Mentor defendants adopted and implemented careless and reckless policies for use of force, and that these defendants failed to adequately train and supervise the police in the use of force.[13] Finally, he contends that the Mentor police committed assault and battery under Ohio law.[14]

Kukoleck maintains that the Lake County defendants deprived him of medical attention and/or were deliberately indifferent to his medical needs.[15] Further, as with the Mentor defendants, he contends that the Lake County defendants failed to train and supervise employees, maintained a policy of deliberate indifference to medical needs, and failed to implement appropriate policies.[16]

**B.      Motion to dismiss**

First, the Lake County defendants assert that any claims against the sheriff and the commissioners are actually claims against Lake County.[17] Next, they argue that because the

---

[12] *Id.* at 7-8.

[13] *Id.* at 9-10.

[14] *Id.* at 13-14.

[15] *Id.* at 8-9, 10-12.

[16] *Id.* at 12-14.

[17] ECF # 11 at 1-2.

Lake County Sheriff's Office is not a legal entity capable of being sued, Kukoleck's claims against that named defendant should be dismissed.[18]

These defendants then contend that even if the claims against the Lake County commissioners were against these persons in their individual, not official, capacities, the Court should dismiss such claims because, under Ohio law, the county commissioners do not supervise or control the sheriff, nor the operation of the county jail committed to the control of the sheriff.[19]

The Lake County defendants further argue that as a pretrial detainee and not a prisoner, Kukoleck had no Eighth Amendment claim to assert.[20] As to the Fourteenth Amendment claims that these defendants were deliberately indifferent to Kukoleck's serious medical needs, the defendants note that such claims involve both a subjective and objective component.[21] Objectively, the plaintiff must show that the alleged deprivation posed a substantial risk of serious harm.[22] Subjectively, the official involved must have had a sufficiently culpable state of mind.[23] According to the Sixth Circuit, the official must both

---

[18] *Id.* at 3.

[19] *Id.* at 3-4.

[20] *Id.* at 4.

[21] *Id.*

[22] *Id.*

[23] *Id.*

be aware of facts from which the inference could be drawn that a substantial risk of harm existed, and he must be shown to have drawn that inference.[24]

In the present case, these defendants assert that Kukoleck has set forth neither the objective nor subjective components of a Fourteenth Amendment claim of deliberate indifference to a serious medical need. First, as to the objective component, they argue that Kukoleck's situation was not one that a lay person would recognize as requiring a doctor's attention. Specifically, they point out that while the Sixth Circuit has recognized that symptoms of withdrawal from heroin can cause a lay person to be aware of a serious medical condition requiring a doctor,[25] those symptoms – vomiting, diarrhea and lying motionless[26] – did not exist here.

Finally, the defendants point out that municipalities have no § 1983 liability under *respondeat superior* and that liability can only attach for a policy or custom if that policy or custom is "'the moving force of the constitutional violation.'"[27]

## C.    Kukoleck's brief in opposition

In his brief in opposition, Kukoleck concedes that he has no viable claims against defendants the Lake County Sheriff's Office and the Lake County commissioners

---

[24] *Id.* at 5 (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895-96 (6th Cir. 2004) (quotation omitted).

[25] *Preyor v. City of Ferndale*, 248 F. App'x 636, 642 (6th Cir. 2007).

[26] *Id.*

[27] ECF # 11 at 6-7 (quoting *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691-94 (1978).

Raymond E. Sines, Robert E. Aufuldish, and Daniel P. Troy.[28] Rather, he contends, under the standard of Rule 12(b)(6), viewing the allegations of the complaint in a light most favorable to him, his claims against Lake County sheriff Dan Dunlap and John Doe defendants one through three have "crossed the line from conceivable to plausible" and so should avoid dismissal.[29]

**D.  Lake County defendants' reply brief**

The remaining named defendant, Sheriff Dunlap, argues that the complaint states no valid ground for relief because the complaint itself either asserts purely legal conclusions or raises "imprecise" and overbroad allegations against the collective group of defendants.[30]

## Analysis

**A.  Standard of review – Rule 12(b)(6)**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Association of Cleveland Fire Fighters v. Cleveland*[31] as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65 (citations and

---

[28] ECF # 13 at 2 n.1.

[29] *Id.* at 2-3.

[30] ECF # 14.

[31] *Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir.2007).

quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.[32]

Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[33]

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor.[34]  This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations.[35] Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions.[36]

---

[32] *Id.* at 548.

[33] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

[34] *Columbia Natural Ress. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.1995) (citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993)).

[35] *Id.*

[36] *Id.*

Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."[37]

## B. Application of standard

### 1. All claims against the Lake County Sheriff's Office and the Lake County Commissioners should be dismissed.

Because Kukoleck himself has acknowledged that he cannot maintain an action against the Lake County Sheriff's Office or the Lake County commissioners, also named individually, I recommend the dismissal of the complaint against these defendants.

### 2. All claims against the three Lake County John Doe defendants should be dismissed.

As to the unnamed John Doe defendants, although Kukoleck filed the complaint itself and the defendants answered approximately one year ago, the time for amending the complaint under Federal Rule of Civil Procedure 15 has long ago lapsed. Nevertheless, Kukoleck has not moved to amend the complaint to name the three Lake County John Doe defendants. Kukoleck, therefore, has not effected service on any such properly named defendant.

While a plaintiff temporarily unable to ascertain a defendant's actual name at the time of filing may initiate an action against the unknown defendant as a John Doe, a plaintiff may not proceed with a civil action against a fictitious party.[38] As the district court observed in

---

[37] *Scheid v. Fanny Farmer Candy Shops*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

[38] *See*, *Reed-Baglia v. County of Summit*, No. 5:09CV352, 2010 WL 723761, at *5 (N.D. Ohio Feb. 24, 2010) (citations omitted).

*Smith v. City of Chatanooga*,[39] where a § 1983 plaintiff fails to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the real names of the John Doe defendants, and then moves to amend the complaint to correctly identify these defendants by their real names and serve them under Rule 4(m) of the Federal Rules of Civil Procedure,[40] all the claims brought against the John Doe defendants "must be dismissed with prejudice."[41]

Where an amendment to a complaint would add a new party, such an amendment must come within the applicable statute of limitations or relate back to the original filing date of the complaint.[42] The naming of a John Doe defendant in the original pleading does not save it from this rule since substituting a named defendant for a John Doe is considered as a change of parties, not a mere substitution.[43]

Federal § 1983 claims asserted in Ohio have a two-year limitation period.[44] That limitation period began when Kukoleck knew, or should have known, of the injury that forms

---

[39] *Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961 (E.D. Tenn. Nov. 4, 2009).

[40] Rule 4(m) of the Federal Rules of Civil Procedure requires, *inter alia*, that service of a complaint on a defendant be made within 120 days of the filing of the complaint.

[41] *Smith,* 2009 WL 3762961, at *3.

[42] *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

[43] *Id.* (citations omitted).

[44] *A to Z, Inc. v. City of Cleveland*, 281 F. App'x 458, 460 (6th Cir. 2008) (citations omitted).

-10-

the basis of his claim.[45] Here, the complaint alleges that the events at issue occurred between June 3 and June 6 of 2011.[46] Thus, the latest date for meeting the statute of limitations for the § 1983 claims by changing the defendants from John Does to identified persons was June 6, 2013. Any proposed amendment in this case would, therefore, be untimely and so disallowed.[47]

As to whether any future naming of these three John Doe defendants would relate back to the original date of filing, such a relation back would depend on whether these John Does knew or should have known within 120 days of the filing of the complaint that they were being sued.[48] Here, Kukoleck never properly identified these John Does, and he never added them as defendants. No answer was ever filed by them. The record contains no indication that these defendants received actual notice of suit. Further, as this Court previous noted in *Dye v. City of Warren*,[49] where a plaintiff has failed to identify John Doe officers after a significant passage of time and has served no discovery requests, and the John Does

---

[45] *Id.* (citations omitted).

[46] *See*, ECF # 1 at ¶ 27.

[47] *See*, *Stolle v. Kent State University*, No. 5:12 CV 1488, 2012 WL 4343702, at *1 (N.D. Ohio Sept. 21, 2012) (citation omitted). Motion to amend will be denied as futile if the proposed amendment would not withstand a motion to dismiss as barred by the statute of limitations.

[48] Fed. R. Civ. P. 15(c)(1)(C); *Davis v. Pickell*, __F. Supp.2d __, 2013 WL 1278520, at *18 (E.D. Mich. March 26, 2013).

[49] *Dye v. City of Warren*, 367 F. Supp. 2d 1175 (N.D. Ohio 2005) (Wells, J.).

-11-

are not "high officials" of their department involved in the city's legal affairs, they would not be held to have constructive knowledge of the complaint.[50]

Accordingly, as discussed above, there is no basis for permitting a future amendment of the complaint substituting the actual names of the John Doe defendants for their fictitious identities. I recommend a dismissal with prejudice of the three Lake County John Doe defendants.

**3.    *The claims against Sheriff Dan Dunlap should be dismissed in part.***

*a.    The factual allegations and claims*

As concerns the claims against Sheriff Dunlap, the complaint makes the following factual allegations:

(1)    Kukoleck was detained in the Lake County Detention Center between June 3 and June 6, 2011;[51]

(2)    While so detained, Kukoleck was examined by a nurse;[52]

(3)    Kukoleck told "one or more staff members" and/or "employees" of the detention facility that he was "experiencing severe physical discomfort" and that "he was a drug addict and/or was suffering from withdrawal caused by drug addiction;"[53]

---

[50] *See*, *id*. at 1182 n.4 (citation omitted); *see also*, *Tate v. Wenger*, No. 1:04-CV-379, 2006 WL 1582422, at *6 (E.D. Tenn. June 6, 2006) (no indication that unnamed officers or supervisors in this case would have any way of receiving notice of this suit or should have known that the plaintiff had brought this action against them).

[51] ECF # 1 at ¶¶ 23, 27.

[52] *Id.* at ¶ 26.

[53] *Id.* at ¶¶ 27, 28.

(4)     After reporting this information, Kukoleck was placed in a room for observation where he was handcuffed to a bench and there "had a seizure and suffered a stroke."[54]

As to Sheriff Dunlap, in relevant part the complaint alleges:

(1)     Count two – that Dunlap, together with all other Lake County defendants, acted under color of state law to deprive Kukoleck of his Fourth, Fifth, Eighth and Fourteenth Amendment rights, and did so in a willful, malicious and/or reckless manner such as to warrant the imposition of punitive damages;[55]

(2)     Count four – that Dunlap, together with all other Lake County defendants, "had a custom, policy or practice of acting knowingly and with deliberate indifference" in denying "obviously necessary" medical care to inmates; [56]

(3)     Count four – only the three John Doe defendants are alleged to have "kn[own] of Plaintiff's injured condition..., [and to have] kn[own] or should have known that Plaintiff was showing signs of severe withdrawal related to narcotics addiction...;"[57]

(4)     Count four – all Lake County defendants acted with deliberate indifference to Kukoleck's rights and "failed to provide adequate medical attention for either his injuries or narcotics withdrawal and instead chained [Kukoleck] to a bench for observation despite [Kukoleck's] obvious medical needs ...;"[58]

---

[54] *Id.* at ¶¶ 29, 30.

[55] *Id.* at ¶¶ 39-41.

[56] *Id.* at ¶ 49.

[57] *Id.* at ¶ 50.

[58] *Id.* at ¶ 51.

(5)     Count five – the administration and management of the Detention Center has been delegated to Dunlap;[59]

(6)     Count five – Dunlap has failed to hire proper personnel to address the risks of injury created by narcotics withdrawal in inmates; has failed to adequately train and supervise his employees is issues related to narcotics withdrawal; has knowingly hired individuals without the requisite medical training and experience to identify and treat inmates at risk from narcotics withdrawal; Dunlap's policy or custom of failing to train and supervise employees was the moving force and proximate cause of the violation of Kukoleck's Fourteenth Amendment rights.[60]

b.     *Deliberate indifference claim*

In considering these claims in light of the applicable law, Kukoleck has not alleged that Dunlap had any personal knowledge of his drug addiction or that he was experiencing withdrawal symptoms. In fact, as detailed above, the complaint specifically alleges that only the three John Doe defendants knew or should have known that Kukoleck was a narcotics addict undergoing withdrawal.[61]

As the Sixth Circuit has stated, liability for acting with deliberate indifference to a serious medical need requires in part that the charged official was "'aware of facts from which the  inference could be drawn that a substantial risk of serious medical harm may exist....'"[62] Here, the complaint specifically alleges that only the three John Doe defendants,

---

[59] *Id.* at ¶ 58.

[60] *Id.* at ¶¶ 58-66.

[61] *See*, *id*. at ¶ 50.

[62] *Blackmore*, 390 F.3d at 895-96 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

-14-

and not Dunlap, knew or should have known about Kukoleck's withdrawal from narcotics – the fact from which the inference could be drawn that Kukoleck was, therefore, at substantial risk of serious medical harm.[63] As such, and under the controlling law as stated in *Blackmore v. Kalamazoo County*, the facts alleged in this complaint do not state a claim that Dunlap has liability for acting with deliberate indifference to Kukoleck's medical needs.

I recommend the dismissal of all claims of deliberate indifference to a serious medical need asserted against Dunlap.

c.  *Failure to train and supervise claims*

Judge Lioi in *Bidwell v. Altiere*[64] recently summarized the applicable law pertaining to claims of failure to train and supervise:

> *Respondeat superior* is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). The liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Inadequate training or supervision on its own, no matter how deficient, cannot lead to liability absent an underlying

_____

[63] The allegations that Kukoleck was chained to a bench arise as a purported manifestation of deliberate indifference to his narcotic withdrawal, and so are resolved by the recommended adjudication of the deliberate indifference issue.

[64] *Bidwell v. Altiere*, No. 4:12CV1363, 2013 WL 645638 (N.D. Ohio Feb. 21, 2013).

constitutional violation. *See*, *Reed-Baglia v. County of Summit*, No. 5: 09CV 352, 2010 WL 723761, at *4 (N.D. Ohio Feb. 24, 2010).[65]

Here, similar to the preceding claims of deliberate indifference, the fatal flaw in Kukoleck's allegations that Dunlap failed to adequately train and supervise his employees is that the complaint does not allege that Dunlap had any knowledge of Kukoleck's addiction or withdrawal symptoms. As clearly outlined in the law stated above, to state a claim against Dunlap for failure to train or supervise, Kukoleck must allege more than Dunlap's right to control detention center employees, or even his awareness of their misconduct. Rather, the allegation must be that Dunlap "directly participated in the alleged misconduct,"[66] at least by "implicitly authoriz[ing], approv[ing], or knowingly acquies[ing] in the unconstitutional conduct" of the employees who, allegedly, failed to adequately respond to Kukoleck's serious medical need.[67] In showing acquiescence, the Sixth Circuit teaches, "it is not enough to show that the actor merely failed to act against misconduct of which he was aware."[68]

Since the complaint does not allege that Dunlap even knew of Kukoleck's addiction and withdrawal, the complaint states no basis for establishing that Dunlap "implicitly authorized, approved, or knowingly acquiesced" in any deliberate indifference by jail employees to Kukoleck's medical need arising out of his addiction and withdrawal.

---

[65] *Id.*, at *4.

[66] *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).

[67] *Shehee*, 199 F.3d at 300.

[68] *Flagg*, 715 F.3d at 174 (citation omitted).

Accordingly, I recommend the dismissal of all claims of failure to train and supervise asserted against Dunlap.

d.      *Policy or custom claim*

A municipality itself may be liable under § 1983 for maintaining a policy or custom that was the moving force behind the deprivation of a plaintiff's constitutional rights.[69] In this regard, a "policy" is that which has been promulgated by officials vested with final policy-making authority, while a "custom" is that which has not been formally approved by the appropriate decision makers but may be established by proving that the policy-making officials had knowledge of an established practice and then acquiesced in it.[70] To establish liability under a "policy" claim, a § 1983 plaintiff "must identify the policy, connect the policy to the city itself, and show that the particular injury was incurred because of the execution of the policy."[71]

While a failure to train can be a policy or custom that is the foundation for § 1983 liability, failure to train serves as a basis for liability only where that failure amounts to deliberate indifference by the municipality to the rights of those persons who will come in contact with the inadequately trained officials.[72] In that regard, "[t]o establish deliberate

---

[69] *Ford v. County of Grand Traverse*, 535 F.3d 483, 495-96 (6th Cir. 2008) (citations omitted).

[70] *Id.* (citations omitted).

[71] *Id.* at 497 (quoting *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993)).

[72] *Miller v. Sanilac County*, 606 F.3d 240, 255 (6th Cir. 2010) (citation omitted).

-17-

indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'"[73]

As argued by the defendants in their brief in support of the motion to dismiss, the Lake County sheriff himself may be considered the proper legal entity for suit under § 1983, but the County Sheriff's Office, so described, is not capable of being sued for purposes of § 1983.[74] Thus, the question of the existence of a policy or custom as the source of any constitutional violation here is directed at whether Dunlap, as sheriff, either instituted a formal policy or acquiesced in an established custom of failing to adequately train jail employees about health risks posed by inmates undergoing drug withdrawal.

Kukoleck has not pled or identified the existence of any formal training or hiring policy that addresses the responsibility of jail employees towards inmates undergoing drug withdrawal. Further, as concerns the existence of a "custom" whereby Dunlap has acquiesced to past instances of deliberate indifference to the medical needs of inmates going through withdrawal, Kukoleck has not alleged any such past instances that would support a finding that such a custom exists.

Nevertheless, I am also mindful that the Sixth Circuit in *Petty v. County of Franklin* counseled that dismissing a § 1983 civil rights suit involving a claimed policy or custom of

---

[73] *Id.* (quoting *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir. 2005)).

[74] ECF # 11, citing *Petty v. County of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007).

failure to train at the 12(b)(6) stage will be scrutinized with "special care."[75] Given the nature of such allegations, the *Petty* court reasoned, it is not immediately clear what more the plaintiff could have alleged in the complaint since, without discovery, how would a plaintiff know "whether such a custom or policy might exist, and if it does exist, what its contours might be or exactly how it effected a violation of his constitutional rights."[76]

In accordance with the guidance set forth in *Petty*, I recommend that the motion to dismiss be denied as to the custom or policy claims.

## Conclusion

For the reasons stated, I recommend that the Lake County defendants' motion to dismiss be granted.

Dated:  July 3, 2013                                    s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[77]

---

[75] *Petty*, 478 F.3d at 348 (citation omitted).

[76] *Id.*

[77] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-19-