IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD N. KUKOLECK, | ) | CASE NO. 1:12 CV 1379 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LAKE COUNTY SHERIFF'S | ) | |
| OFFICE, *et al.,* | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

Before me by referral[1] in this § 1983 matter brought by Ronald Kukoleck alleging that Lake County Sheriff Dan Dunlap maintained a custom or policy of deliberate indifference to the health needs of inmates undergoing withdrawal from drugs[2] is defendant Dunlap's motion[3] to dismiss the action due to Kukoleck's failure, after repeated orders of this Court, to either obtain counsel or declare an intention to proceed *pro se.* Kukoleck, as will be discussed below, has not timely responded to the latest order, and so I recommend that Dunlap's motion be granted and the matter be dismissed with prejudice.

This case was originally filed three years ago,[4] and Kukoleck was represented by counsel at that time. But after my recommendation in that all allegations except the one

---

[1] ECF # 33.

[2] ECF # 30. All other charges were dismissed.

[3] ECF # 28.

[4] ECF # 1.

remaining claim against Sheriff Dunlap should be dismissed,[5] Kukoleck's attorney in November, 2014, moved to withdraw from the case,[6] which motion was then granted.[7] In Judge Wells's order permitting counsel's withdrawal, Kukoleck was ordered to either obtain new counsel, with such counsel to enter an appearance by December 19, 2014, or indicate by the same date his intention to proceed with the matter *pro se*.[8] Moreover, Judge Wells's order explicitly noted that failure to comply with this order "may result in the dismissal of this action, pursuant to Rule 41(b)."[9]

On January 7, 2015, the present motion to dismiss was filed, citing the just quoted order of this Court, and noting that Kukoleck was not in compliance with that order, having failed to either have new counsel enter an appearance or to himself enter an appearance as proceeding *pro se*.[10]

While this motion was pending, Judge Wells accepted my report and recommendation that all charges except the single allegation against Sheriff Dunlap be dismissed[11] and

---

[5] ECF # 16.

[6] ECF # 26.

[7] ECF # 27.

[8] *Id.*

[9] *Id.*

[10] ECF # 28.

[11] ECF # 30.

referred the case to me to conduct a case management conference.[12] In that case management conference, held on April 30, 2015, Kukoleck was reminded of the outstanding motion to dismiss and was asked if he intended to proceed with this case by either having counsel enter an appearance on his behalf or by declaring his intention to proceed *pro se*. Kukoleck directly responded that he did intend to proceed with this action and that he had several attorneys available to act on his behalf. Based on that response, my order of April 30, 2015, stayed completion of the case management conference and directed Kukoleck to have retained counsel enter an appearance in this case by May 14, 2015, or have this Court take up the outstanding motion to dismiss.[13]

In that regard, I observe that the May 14, 2015, date for compliance with my April 30, 2015, order has passed, and no counsel have entered an appearance for Kukoleck. I further note, as Judge Wells did in her earlier order, which was directly called to Kukoleck's attention in the case management conference of April 30, 2015, that Kukoleck has not been in compliance with an order of this Court to obtain counsel since late December, 2014 – a period of time now almost five months.

Accordingly, because Kukoleck has failed to comply with multiple orders of this Court pertaining to his obtaining new counsel, despite clearly indicating that he understood those orders and their potential consequences, I recommend that defendant Dunlap's motion

---

[12] ECF # 31.

[13] ECF # 36.

to dismiss this matter be granted and the case now be dismissed with prejudice under Federal

Rule of Civil Procedure 41(b).

The referral for further pretrial case management is terminated.


Dated: May 18, 2015                          s/ William H. Baughman, Jr.
                                             United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[14]

---

[14] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).